**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHARLOTTE C. GHIORSE,

Plaintiff,                    3:25-cv-1578 (BKS/MJK)

v.

JOHN H. COOK JR. PAINTING
CONTRACTOR, INC., JOHN
MICHAEL COOK, and JERRY,

Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Charlotte C. Ghiorse
Ithaca, NY 14850

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Charlotte C. Ghiorse brought this action pro se asserting claims under 42 U.S.C.

§ 2000 against Defendants John H. Cook Jr. Painting Contractor, Inc., John Michael Cook, and

Jerry for job discrimination. (Dkt. No. 1, 5, 6). Plaintiff also sought leave to proceed *in forma*

*pauperis* ("IFP"). (Dkt. No. 2). This matter was referred to United States Magistrate Judge

Mitchell J. Katz for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d).

On December 2, 2026, Magistrate Judge Katz granted Plaintiff's application to proceed IFP.

(Dkt. No. 4). On January 12, 2026, Magistrate Judge Katz issued a Report-Recommendation,

recommending that Plaintiff's Title VII hostile-work-environment and New York State Human

Rights Law ("NYSHRL") hostile-work-environment claims against defendants John M. Cook,

and Jerry be dismissed without prejudice and without leave to amend; and that Plaintiff's Title VII hostile-work-environment claim and New York State Human Rights law hostile-work-environment claims against John H. Cook, Jr. Painting Contractor, Inc. proceed. (Dkt. Nos. 8). Magistrate Judge Katz informed Plaintiff that she had fourteen days within which to file written objections to the report under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 18). No objections to the Report-Recommendation have been filed.

## II.      STANDARD OF REVIEW

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. For the following reasons, the Court rejects the Report-Recommendation to the extent it recommends that Plaintiff be required to file an amended complaint to proceed under both theories of liability with respect to her Title VII hostile work environment claim and dismissal of Plaintiff's NYSHRL claim against Defendant Jerry.

## III.     DISCUSSION

### A.      Title VII Hostile Work Environment

The Report-Recommendation correctly explained that there are two theories under which to impute liability to an employer in connection with a Title VII hostile work environment claim: (1) "[w]here the harasser is a supervisor, an individual empowered to take tangible employment actions against the victim" ("strict liability theory") and (2) where the employer "was negligent in controlling working conditions" ("negligence theory"). (Dkt. No. 8, at 10–11 (quoting *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013)). The Report-Recommendation recommended that Plaintiff be permitted to proceed under negligence theory of liability but, taking the view that

2

Defendant "Jerry [w]as a non-supervisor employee" because Plaintiff's exhibits noted "that Jerry could not decrease her pay because she was in the union," (Dkt. No. 8, at 11), recommend that Plaintiff be directed to amend the complaint "to identify *how* Jerry is a supervisor" if she wished to pursue a strict liability theory. (*Id.* at 11). However, the Amended Complaint alleges that Defendant Jerry was "[t]he supervisor," assigned "everyone which jobs to do," and told her that she was "going to be demoted" and that her "wages were going to be reduced." (Dkt. No. 5, at 2). Construed liberally, these allegations suggest Defendant Jerry was empowered to decide what jobs Plaintiff was assigned, demote Plaintiff, and seek a change in her wages (even if he could not effect such change) and are sufficient to allege (for purposes of initial review) that Defendant Jerry was "empowered to take tangible employment actions against" Plaintiff. *Bentley v. AutoZoners, LLC*, 935 F.3d 76, 91 (2d Cir. 2019) (quotation marks omitted). Thus, Plaintiff need not file an amended complaint in order to proceed under both theories of liability. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### B.      NYSHRL Hostile Work Environment

In examining Plaintiff's NYSHRL hostile work environment claim against Defendant Jerry, Magistrate Judge Katz correctly noted that the NYSHRL permits individual liability for such claims "(1) if the defendant has an ownership interest in the employer or [(2)] has the authority to hire and fire employees[.]" (Dkt. No. 8, at 13 (quoting *E.E.O.C. v. Suffolk Laundry Servs., Inc.*, 48 F. Supp. 3d 497, 523 (E.D.N.Y. 2014)). But the NYSHRL *also* allows individual liability "if the defendant aided and abetted the unlawful discriminatory acts of others." *Suffolk Laundry Servs., Inc.*, 48 F. Supp. 3d at 523. Because the NYSHRL "renders it unlawful 'for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" under the NYSHRL, "'a co-worker who actually participates in the conduct giving rise to a discrimination

3

claim [may] be held liable under the NYSHRL even though that co-worker lacked the authority to either hire or fire the plaintiff.'" *Cherry v. New York City Hous. Auth.*, 564 F. Supp. 3d 140, 182 (E.D.N.Y. 2021) (quoting *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004)). In view of the Amended Complaint's claims regarding Defendant Jerry's participation in the allegedly discriminatory conduct, the Court finds Plaintiff's NYSHRL claims may proceed against Defendant Jerry. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

The Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

### C.    Leave to Amend

"Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir 2000) (internal quotation marks and citations omitted). A pro se plaintiff should have at least one chance to amend if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). However, a court may deny even a pro se plaintiff leave to amend when amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, the Court cannot say that, with better pleading, an amended complaint alleging an individual liability claim against Defendant John M. Cook under NYSHRL would be futile. Any such amended complaint will replace the existing Amended Complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks and citations

4

omitted)). Any exhibits that Plaintiff wishes the Court to consider going forward must be attached to the amended complaint. This means that the previous complaint and other filings will no longer be the operative documents—everything that is essential must be contained in or attached to the amended complaint.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 8) is **ADOPTED in part and REJECTED in part**; and it is further

**ORDERED** that Plaintiff's Title VII hostile-work-environment claim against defendant John H. Cook, Jr. Painting Contractor, Inc. and New York State Human Rights law hostile-work-environment claims against defendants John H. Cook, Jr. Painting Contractor, Inc. and Jerry **PROCEED**; and it is further

**ORDERED** that Plaintiff's Title VII hostile-work-environment claims against defendants John M. Cook, Jr., and Jerry are **DISMISSED with prejudice** and **WITHOUT LEAVE TO AMEND;** and it is further

**ORDERED** that Plaintiff's New York State Human Rights law hostile-work-environment claims against defendant John M. Cook, is **DISMISSED without prejudice** and **WITH LEAVE TO AMEND**; and it is further

**ORDERED** that the Clerk shall terminate defendant John M. Cook, and issue summonses as to Defendants John H. Cook, Jr. Painting Contractor, Inc. and Jerry, and forward the summonses with copies of the amended complaint and a packet containing General Order 25, which sets forth this district's Civil Case Management Plan, to the United States Marshal for service upon Defendants. As Plaintiff has not provided Defendant Jerry's full name or address, the United States Marshal is directed to serve Defendant Jerry at John H. Cook Jr. Painting

Contractor, Inc. Defendants must file a formal response to Plaintiff's amended complaint (Dkt. No. 5) as provided for in the Federal Rules of Civil Procedure subsequent to service of process; and it is further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date of this Order; and it is further

**ORDERED** that if Plaintiff files an amended complaint within thirty (30) days, that any amended complaint be referred to Magistrate Judge Katz for review; and it is further

**ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days of the date of this Order, this matter will Proceed as to the claims and defendants listed above; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in her address; her failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

Dated: <u>April 24, 2026</u>
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

6